UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JOSE LUIS RUIZ GONZALEZ
and DANILO RUIZ, individually
and on behalf
of others similarly situated,

Plaintiff,

- against -

SBKU SERVICES INC. d/b/a KUMO
JAPANESE STEAKHOUSE, ROBERT
LAM and TONY LAM individually,

Defendants.
----------------------------------------------------------------X

Civil Case No.:

**COMPLAINT**

**CLASS ACTION**

**FLSA COLLECTIVE ACTION**

Plaintiffs, Jose Luis Ruiz Gonzalez and Danilo Ruiz (collectively "Plaintiffs"), individually and on behalf of others similarly situated, by and through their attorneys, Law Offices of Yale Pollack, P.C. and The Law Offices of Jacob Aronauer, as and for their complaint against of SBKU Services Inc. d/b/a Kumo Japanese Steakhouse, Robert Lam and Tony Lam individually (collectively "Defendants"), allege the following:

## PRELIMINARY STATEMENT

1. This is a civil class and collective action brought by Plaintiffs and all other similarly situated non-exempt workers to recover unpaid wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

2. Plaintiffs bring this action, on behalf of themselves and other current and former employees similarly situated, to remedy violations of the FLSA. Plaintiff seeks, for themselves and other similarly situated employees, unpaid wages, liquidated damages, reasonable

attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§216(b) and 217, and other applicable federal law.

3. Plaintiffs further complain on behalf of themselves and a class of similarly situated former and current employees who worked for Defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to unpaid wages and wage notice and statement damages pursuant to the NYLL, Article 6, §§ 190 et seq.; NYLL, Article 19, §§ 650 et seq.; and its supporting regulations, 12 N.Y.C.R.R. 142-2-2.

4. Plaintiffs further bring this action because Defendants failed to pay them weekly, as they were manual laborers in violation of New York Labor law § 191 frequency of wage payment provision, as well as New York's Hospitality Order, and seek liquidated damages for this violation pursuant to NYLL § 198.

5. Plaintiffs further bring this action under the Wage Theft Prevention Act for Defendants' failure to provide wage notices and wage statements in violation of NYLL §§ 195 (1) and (3).

6. Plaintiffs seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages and liquidated damages, compensation for their failure to pay at a proper frequency, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

8. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District.

## PARTIES

**Plaintiff Jose Luis Ruiz Gonzalez**

10. From on or about October 2014 until September 2023, Plaintiff Jose Luis Ruiz Gonzalez ("Gonzalez") worked for Defendants.

11. From on or about October 2014 until September 2022, Gonzalez was employed as a dishwasher.

12. From on or about September 2022 until September 2023, Gonzalez was employed as a cook.

**Plaintiff Danilo Ruiz**

13. From on or about October 2020 until April 2023, Plaintiff Danilo Ruiz worked for Defendants.

14. During his employment with Defendants, Ruiz was employed as a busboy.

**Corporate Defendant**

15. On information and belief, SBKU Services Inc. d/b/a Kumo Japanese Steakhouse ("SBKU") is a New York entity operating in the restaurant industry, having its principal place of business located at 2548 Nesconset Hwy, Stony Brook, New York 11790.

16. At all times relevant to this action, SBKU has been an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

17. On information and belief, SBKU has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Individual Defendants**

18. Defendant Robert Lam ("R. Lam") is a person engaged in business in Suffolk County, who is sued individually in his capacity as an owner, officer and/or agent of SBKU.

19. Defendant Tony Lam ("T. Lam") is a person engaged in business in Suffolk County, who is sued individually in his capacity as an owner, officer and/or agent of SBKU.

20. On information and belief, R. Lam and T. Lam (the "Individual Defendants") maintain control, oversight and direction over SBKU.

21. On information and belief, the Individual Defendants exercise sufficient control over SBKU to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto the Individual Defendants had overall operational control over SBKU, possessed an ownership interest in SBKU, had the authority to hire and fire Plaintiffs, and established and maintained policies regarding the pay practices at SBKU.

22. The Individual Defendants had substantial control over Plaintiffs' working conditions and the practices alleged herein.

**CLASS ALLEGATIONS**

23. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure.

24. Plaintiffs brings NYLL claims on behalf of all non-exempt employees who worked for Defendants as non-exempt employees and were not paid their proper wages in compliance

with the NYLL during the six years prior to the filing of this case or between filing and the entry of judgment in this case (the "Class").

25. The persons in the Class identified above are so numerous that the joinder of all members is impracticable. Although the precise number of such persons is presently unknown to Plaintiffs and calculation of such numbers would require facts in the sole control of Defendants, upon information and belief, there are more than 100 members of the Class during the relevant period.

26. The claims of Plaintiffs are typical of the claims of the Class.

27. Plaintiffs will fairly and adequately protect the interests of the Class.

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where the individual Plaintiffs lacks the financial resources to vigorously prosecute a lawsuit in court against Defendants. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual class members are not de minimus, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class action litigation and certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendants' practices.

29. Defendants have acted on grounds generally applicable to the Class, thereby making declaratory relief appropriate for the Class.

30. There are questions of law and fact common to the Class which predominate any questions solely affecting individual members of the class, including:

a. Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class;

b. Whether Defendants failure to pay the Class overtime wages at a rate of one and one-half times Plaintiffs' regular rate of pay was a policy and/or practice effectuated through the relevant class period;

c. Whether Defendants failed to pay Plaintiffs and the Class minimum wage in compliance with the NYLL;

d. Whether Defendants failed to pay Plaintiffs and the Class overtime in compliance with the NYLL;

e. Whether Defendants failed to pay Plaintiffs and the Class spread of hours pay in compliance with the NYLL;

f. Whether Defendants failed to pay Plaintiffs and the Class weekly;

g. Whether Defendants failed to pay Plaintiffs and the Class all earned wages;

h. Whether Defendants failed to provide non-exempt employees with accurate wages statements as required under the NYLL;

i. Whether Defendants failed to furnish the Class with wage notices and statements as required by the NYLL;

j. The nature and extent of the class-wide injury and measure of damages for those injuries; and

k. What proof of hours worked is sufficient where employers fail in their duty to maintain true and accurate time records.

## FLSA COLLECTIVE ACTION ALLEGATIONS

31. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of themselves and all other similarly situated persons who worked as non-exempt employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective.")

32. The FLSA Collective consists of approximately 50 similarly situated current and former kitchen workers who have been victims of Defendants' common policy and practices that have violated the FLSA Collective's rights under the FLSA by, among other things, willfully denying them wages.

33. Defendants have engaged in unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiffs and the FLSA Collective.

34. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## STATEMENT OF FACTS

### Gonzalez's Employment with Defendants

35. From on or about October 2014 until September 2023, Gonzalez worked for Defendants at 2548 Nesconset Hwy, Stony Brook, New York 11790.

36. Gonzalez initially worked as a dishwasher and then was promoted to a cook.

37. Throughout Gonzalez's employment, Gonzalez worked six days a week.

38. From on or about October 2014 until March 2020, Gonzalez's schedule as was as follows: from Monday through Thursday, Gonzalez worked from 11:00 a.m. to 10:00 p.m., and from Friday through Saturday, from 11:00 a.m. to 11:00 p.m.

39. From on or about March 2020 to September 2023 Gonzalez Gonzalez's schedule was as follows: from Monday through Thursday, Plaintiff worked from 11:00 a.m. to 9:00 p.m., and from Friday through Saturday, from 11 a.m. to 10 p.m.

40. For the first seven years of his employment, Defendants did not require Gonzalez to clock in or clock out.

41. After September 2022, Gonzalez started to clock in and clock out.

42. On information and belief, Defendants began to require Gonzalez to clock in and out because of an investigation by the New York Department of Labor.

43. From on or about October 2014 to October 2017, Gonzalez's salary was $1,800 monthly.

44. From on or about October 2017 to April 2018, Gonzalez's salary was $1,900 monthly.

45. From on or about April 2018 to October 2018, Gonzalez's salary was $2,000 monthly.

46. From on or about October 2018 to April 2019, Gonzalez's salary was $2,100 monthly.

47. From on or about April 2019 to October 2019, Gonzalez's salary was $2,200 monthly.

48. From on or about October 2019 to April 2020, Gonzalez's salary was $2,300 monthly.

49. From on or about April 2020 to October 2020, Gonzalez's salary was $2,400 monthly.

50. From on or about October 2020 to April 2021, Gonzalez's salary was $2,500 monthly.

51. From on or about April 2021 to October 2021, Gonzalez's salary was $2,600 monthly.

52. From on or about October 2021 to April 2022, Gonzalez's salary was $2,700 monthly

53. From on or about April 2022 to September 2022, Gonzalez's salary was $2,800 monthly.

54. On or about September 2022, Gonzalez was promoted to a cook.

55. From on or about September 2022 to January 2023, Gonzalez's salary was $3,000 monthly.

56. From on or about January 2023 until April 2023, Gonzalez's salary was $3,300 monthly.

57. From on or about April 2023 until September, Gonzalez's salary was $3,500 monthly.

58. Throughout his employment with Defendants, Gonzalez was not compensated at the appropriate overtime rate of pay for the hours he worked more than forty hours per week

59. Gonzalez's pay was not inclusive of overtime.

60. Rather, Gonzalez was only paid for the first forty hours he worked each week.

61. Defendants never provided Gonzalez with a written wage notice in English and his native language, Spanish, setting forth his regular hourly rate of pay and corresponding overtime rate of pay.

62. When Gonzalez was paid by Defendants, Defendants did not provide Gonzalez with a statement, or any other documentation of his hours worked during that pay period or his rate of pay.

63. Gonzalez was paid by Defendants every other Friday instead of weekly.

**Ruiz's Employment with Defendants**

64. From on or about October 2020 through April 10, 2023, Ruiz worked for Defendants at 2548 Nesconset Hwy, Stony Brook, New York 11790.

65. Throughout his employment, Ruiz worked for Defendants as a busser.

66. Throughout Ruiz's employment, Ruiz worked six days a week.

67. Ruiz's working hours for Defendants were as follows: from Friday through Wednesday, Ruiz worked from 11:00 a.m. to 9:00 p.m.

68. For the three years of his employment, Defendants did not require Ruiz to clock in or clock out.

69. After September 2022, Ruiz started to clock in and clock out.

70. On information and belief, Defendants began to require Plaintiff to clock in and out because of an investigation by the New York Department of Labor.

71. For 2020, Ruiz's salary was $2,500 monthly.

72. For 2021, Ruiz's salary was $3,000 monthly.

73. For the last six months of his employment, Ruiz's salary was $3,500 monthly.

74. Throughout his employment with Defendants, Ruiz was not compensated at the appropriate overtime rate of pay for the hours he worked more than forty hours per week.

75. Ruiz's salary was not inclusive of overtime.

76. Rather, Ruiz was only paid for the first forty hours he worked each week.

77. Defendants never provided Ruiz with a written wage notice in English and his native language, Spanish, setting forth his regular hourly rate of pay and corresponding overtime rate of pay.

78. When Plaintiff was paid by Defendants, Defendants did not provide Ruiz with a statement, or any other documentation of his hours worked during that pay period or his rate of pay.

79. Ruiz was paid by Defendants every other Friday instead of weekly.

**<u>Defendants' Violations of the Wage Theft Prevention Act</u>**

80. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates.

81. The WTPA was enacted to protect an employee's concrete interest in being paid what he or she is owed under the NYLL.

82. Specifically, the WTPA's wage notice and wage statement provisions are intended to serve as safeguards of employees' broader interest in being paid the wages that Plaintiffs and the Class earned.

83. Indeed, if an employer's failure to provide wage statements or wage notices were considered purely a technical violation, then no employee would ever have standing to sue under the WTPA. This in turn would render the statutory damages provisions would be rendered meaningless and unenforceable.

84. Throughout the relevant time period, Defendants paid Plaintiffs and the class wages without any accompanying statement listing the correct overtime rate or rates of pay, the correct number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

85. Plaintiffs and the Class were never given a correct notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**<u>Prior Lawsuits</u>**

86. Defendants are no stranger to wage and hour lawsuits.

87. This is at least the fourth lawsuit against Defendants for unpaid wages under the FLSA and the NYLL.

88. The first lawsuit was *Perez v. SBKU Services, Inc. et al*., 2:14-cv-01118 (LDW-ARL).

89. On December 2013, this matter was settled with Plaintiff's counsel receiving $30,479.68 (through an application for attorney fees) and the Plaintiff receiving $240,524.57.

90. The second lawsuit was *Cheng v. SBKU Services Inc. et al*., 1:17-cv-03573 (GXB).

91. On December 2018, this matter was settled with Plaintiff's counsel receiving $10,700 (through an application for attorney fees) and the Plaintiff receiving $19,300.

92. The third lawsuit was *Garcia v. SBKU Services Inc. et al.,* 2:17-cv-03130 (JMA-ARL).

93. On March 2021, this matter was settled with Plaintiff's counsel receiving $39,340.60 (through an application for attorney fees) and the Plaintiff receiving $20,000.00.

**FIRST CAUSE OF ACTION**
**Unpaid Overtime Wages in Violation of the Fair Labor Standards Act**
**(On Behalf of Plaintiff and the FLSA Collective)**

94. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

95. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the FLSA Collective.

96. Defendants willfully failed to pay Plaintiffs and the FLSA Collective the appropriate overtime premiums for all hours worked in excess of forty hours per work week, as required by the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations.

97. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

98. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

99. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective have been deprived of overtime compensation in amounts to be determined at

trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

**SECOND CAUSE OF ACTION**
**Unpaid Overtime Wages in Violation of New York Labor Law**
**(On Behalf of Plaintiff and the Rule 23 Class)**

100. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

101. At all times relevant to this action, Plaintiffs and the putative Class were employed by Defendants within the meaning of NYLL §652 and 12 NYCRR §142-2.2.

102. Defendants failed to pay Plaintiffs and the Class the overtime premium of one and one-half times the regular hourly rate of pay for all hours worked in excess of forty hours per week, in violation of the NYLL.

103. Through their knowing or intentional failure to pay Plaintiffs and the Class overtime wages for hours worked in excess of forty hours per work week, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

104. Due to Defendants' willful violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**Unpaid Minimum Wages in Violation of New York Labor Law**
**(On Behalf of Plaintiff and the Rule 23 Class)**

105. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

106. At all times relevant to this action, Plaintiffs and the Class were employed by Defendants within the meaning of NYLL §652 and 12 NYCRR §142-2.2.

107. Defendants failed to pay Plaintiff and the Class minimum wage for hours worked in violation of the NYLL.

108. Through their knowing or intentional failure to pay Plaintiff and the Class minimum wages for hours worked, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

109. Due to Defendants' willful violations of the NYLL, Plaintiffs and the Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Spread of Hours Pay**
**(On Behalf of Plaintiff and the Rule 23 Class)**

110. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

111. At all times relevant to this action, Plaintiffs and the Class were employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR §142-2.2.

112. Throughout their employment, Plaintiffs and the Class frequently worked more than ten hours in a workday.

113. Defendants willfully failed to compensate Plaintiffs and the Class with an extra hour's pay at the basic New York minimum hourly wage rate on days in which the length of their workday was more than ten hours, as required by New York law.

114. As a result of Defendants' NYLL violations, Plaintiffs and the Class are entitled to recover from Defendants unpaid spread of hours and liquidated (double) damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NY Labor Law.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Timely Wages**
**(On behalf of Plaintiff and the Rule 23 Class)**

115. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

116. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff and the Class.

117. At all relevant times, Plaintiffs and the Class were "manual laborers" within the meaning of New York Labor Law.

118. Defendants failed to pay Plaintiffs and the Class on a timely basis as required by NYLL § 191(1)(a) and New York's Hospitality Order

119. Throughout their employment, Plaintiff and the Class frequently were paid every other week instead of on a weekly basis.

120. Due to Defendants violations of NYLL § 191(1)(a), Plaintiff and the Class are entitled to recover from Defendants the amount of the delayed wages by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

**SIXTH CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Wages under NYLL § 663**
**(On behalf of Plaintiff and the Rule 23 Class)**

121. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

122. At all relevant times, Plaintiff and the Class were "employees" within the meaning of the New York Labor Law.

123. Similarly, at all relevant times, Defendants, including the individually named Defendants, were "employers" within the meaning of the New York Labor Law.

124. Defendants failed to pay Plaintiffs and the Class for their earned wages for the periods of time and in the manner as set forth above.

125. Defendants' failure to pay Plaintiffs and the Class their earned wages was willful and not based on any good faith belief of compliance with the New York Labor Law § 663, et seq.

126. As a result of the foregoing, Plaintiffs and the Class have been denied wages required under New York Labor Law § 663 et seq., and are entitled to an award of unpaid wages in an amount to be determined at trial, plus liquidated damages, prejudgment interest and reasonable attorney fees and costs.

**SEVENTH CAUSE OF ACTION**
**Failure to Provide Annual Wage Notices in Violation of New York Labor Law**
**(On Behalf of Plaintiff and the Rule 23 Class)**

127. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

128. Defendants have willfully failed to supply Plaintiffs and the Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs as in their primary language, containing Plaintiff's and the Class's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

129. Through their knowing or intentional failure to provide Plaintiffs and the Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6,

§§ 190 et seq., and the supporting New York State Department of Labor Relations. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs with wage notices, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**EIGHTH CAUSE OF ACTION**
**Failure to Provide Wage Statements in Violation of New York Labor Law**
**(On Behalf of Plaintiff and the Rule 23 Class)**

130. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

131. Defendants have willfully failed to supply Plaintiff and the Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

132. Through their knowing or intentional failure to provide Plaintiffs and the Class with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

133. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and the Class are entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Class with accurate wage statements, or a

total of five thousand dollars, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

(a) That, at the earliest possible time, Plaintiffs be permitted to give notice of this class action, or that the court issue such notice to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this court's issuance of court-supervised notice, been employed by Defendants;

(b) Certification of this case as a class action pursuant to FRCP 23;

(c) Designation of Plaintiffs as Class Representatives;

(d) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(e) Damages for the unpaid wages due to Plaintiffs and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(f) Damages for the unpaid wages due to Plaintiffs, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the NYLL;

(g) Liquidated damages for failure to timely make payment pursuant to the NYLL;

(h) Damages for failure to make all required payments pursuant to the NYLL;

(i) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, § 198;

(j) Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(k) Statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiffs with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(l) For pre-judgment and post-judgment interest on the foregoing amounts;

(m) For the costs and disbursements of the action, including attorney's fees; and,

(n) For such other further and different relief as the Court deems just and proper.

Dated: November 30, 2023
Syosset, New York


**LAW OFFICES OF YALE POLLACK, P.C.**

By: <u>*/s Yale Pollack*</u>
Yale Pollack
66 Split Rock Road
Syosset, New York 11791
(516) 634-6340
ypollack@ypollack.law.com

**THE LAW OFFICES OF JACOB ARONAUER**

By: <u>*/s/ Jacob Aronauer*</u>
Jacob Aronauer
250 Broadway, 6th Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

*Attorneys for Plaintiffs*