UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOSE LUIS RUIZ GONZALEZ *and*
DANILO RUIZ, *individually and on behalf of all
others similarly situated,*

                          Plaintiffs,

   -against-

SBKU SERVICES INC., *doing business as*
KUMO JAPANESE STEAKHOUSE, ROBERT
LAM *and* TONY LAM individually,

                      Defendants.
-------------------------------------------------------------------x

**MEMORANDUM
AND ORDER**
23-CV-08797
(SJB)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court in this wage and hour action, on referral from the

Honorable Ramon E. Reyes, Jr.[1] for decision, is Plaintiffs Jose Louis Ruiz Gonzalez's

("Gonzalez") and Danilo Ruiz's ("Ruiz") (collectively the "Named Plaintiffs") Motion

for Conditional Certification, Court-Facilitated Notice, Approval of the Proposed

Notice and Opt-In Form, Production of Contact Information, and Posting of Notice

pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA") ("Plaintiffs'

Motion" or "Pls. Mot."). *See* Docket Entry ("DE") [10]. By way of Complaint dated

November 30, 2023, the Named Plaintiffs commenced this action against Defendants

SBKU Services Inc. d/b/a Kumo Japanese Steakhouse ("SBKU"), Robert Lam

---

[1] Since Judge Reyes's, Jr. referral of this motion, this action has been reassigned to the Honorable
Sanket J. Bulsara. *See* Elec. Entry dated Jan. 3, 2025.

("Robert") and Tony Lam ("Tony") (collectively "Defendants"), alleging: (1) violations of the FLSA, 29 U.S.C. § 201 *et seq.* concerning overtime pay; and (2) sections 191(1)(a), 195(1), 195(3), 650 *et seq.*, and 663 *et seq.* of the New York Labor Law ("NYLL") concerning wage payment, notice, minimum wage, overtime pay, and spread of hours requirements, on behalf of themselves and all others similarly situated. *See* Complaint ("Compl."), DE [1]. Defendants deny the Named Plaintiffs' material allegations. *See generally* Answer, DE [9].

In the instant motion, the Named Plaintiffs seek conditional certification of their FLSA collective and NYLL class claims for a collective class of "Kitchen Workers and Service Workers - being those non-exempt employees who worked in the back of the house and front of the house for Defendants for six years prior to the commencement of this action"—November 30, 2017. *See* Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion ("Pls. Mem."), DE [13], at 4-5; Declaration of Jacob Aronauer in Support of Plaintiffs' Motion, ("Aronauer Decl."), DE [14], Ex. A. In their proposed notice, the Named Plaintiffs replace the term "Service Workers" with "bussers." *See* Aronauer Decl., Ex. A (the "Proposed Notice"); Ex. B (the "Opt-In Form"). Notably, the Named Plaintiffs do not seek class certification pursuant to Fed. R. Civ. P. 23. *See generally* Pls. Mem.

The Named Plaintiffs also seek: (i) Court-facilitated notice of this action to all covered employees; (ii) approval of the Proposed Notice and Opt-In form; (iii) an order directing Defendants to provide the Named Plaintiffs with the names, last known

2

mailing addresses, alternate addresses, email addresses, telephone numbers, Social Security numbers and dates of employment of all covered employees; and (iv) posting of the Proposed Notice and Opt-In Form at the Defendants' current restaurant. *See* Pls. Mot. Defendants oppose Plaintiffs' Motion. *See* Memorandum in Opposition, DE [15] ("Defs. Opp.").

For the reasons set forth herein, the Court grants Plaintiffs' Motion in part and denies it in part, as follows: (1) this matter is conditionally certified as an FLSA collective action for a class defined as all individuals who were employed by Defendants as non-tipped, non-exempt, overtime-eligible kitchen workers and/or bussers at any point between March 26, 2021 and March 26, 2024, and who file a consent form to join this action for unpaid overtime compensation and liquidated damages; (2) a three-year statute of limitations applies to the FLSA claims; (3) the Named Plaintiffs shall revise their Proposed Notice and Opt-In Form consistent with this Memorandum and Order; (4) the Named Plaintiffs shall be permitted to send the notice to potential FLSA collective members via first-class mail, email, and text message, as well as to post it at Hirosaki Sushi and Hibachi ("Hirosaki"); and (5) Defendants are directed to provide the Named Plaintiffs with a computer-readable list of all non-tipped kitchen workers and bussers who were employed at Kumo Japanese Steakhouse ("Kumo") at any point in the three years prior to the filing of Plaintiffs' Motion, along with the following information: names, last known mailing

3

addresses, alternate addresses (if any), email addresses, cell phone numbers, and dates of employment at Kumo.

## I.    BACKGROUND

### A.  The Parties

Unless otherwise indicated, the facts set forth herein are taken from the Complaint, as well as the Named Plaintiffs' declarations submitted in support of Plaintiffs' Motion, and are accepted as true for purposes of the instant motion.  *See generally* Compl.; Declaration of Jose Luis Ruiz Gonzalez ("Gonzalez Decl."), DE [12]; Declaration of Danilo Ruiz ("Ruiz Decl."), DE [11].

SBKU is a New York entity in the restaurant industry with its principal place of business at 2548 Nesconset Highway, Stony Brook, New York 11790, *see* Compl. ¶ 15,  and  "has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00." *Id.*, ¶ 17.  SBKU did business as Kumo, which was owned by Defendants Robert and Tony, who dictated the work schedules and rates of pay for the Named Plaintiffs and other employees.  *See* Gonzalez Decl., ¶¶ 2-4; Ruiz Decl., ¶¶ 3-4.  Kumo closed on or about September 9, 2023.  Aronauer Decl., ¶¶ 13-17.  In December 2023, the restaurant Hirosaki, owned by Defendants Robert and Tony, among others, opened at Kumo's old location.  *Id.*, ¶¶ 18-23.

4

According to the Named Plaintiffs, some former Kumo employees were hired to work at Hirosaki.  Pls. Mem. at 4; *see* Gonzalez Decl., ¶ 40.

Plaintiff Gonzalez worked at Kumo from October 2014 through September 2022 as a dishwasher, and then as a cook until September 2023.  *See id.*, ¶¶ 10-12. As a dishwasher, his duties included "washing dishes, utensils and kitchen equipment," "clean[ing] the kitchen and remov[ing] garbage."  Gonzalez Decl., ¶ 7. As a cook, Gonzalez's duties included "cutting vegetables, preparing food, and following dish recipes."  *Id.*, ¶ 9.  From October 2014 to March 2020, he worked Mondays through Thursdays from 11:00 a.m. to 10:00 p.m., and Fridays and Saturdays from 11:00 a.m. to 11:00 p.m.  *Id.*, ¶ 13.  From March 2020 to September 2023, Gonzalez worked Mondays through Thursdays from 11:00 a.m. to 9:00 p.m., and Fridays and Saturdays from 11:00 a.m. to 10:00 p.m.  *Id.*, ¶ 14.  Until September 2022, he did not clock in or out.  *Id.*, ¶ 38.  He was paid in cash biweekly, at a rate that increased regularly between $876 and $1,615.  *Id.*, ¶¶ 16-31.  Gonzalez was never paid overtime, and Defendants provided him with neither a wage notice written in English and Spanish, his native language, nor any wage statements.  Compl., ¶¶ 61-62.

Plaintiff Ruiz worked at Kumo from October 2020 to April 2023 as a busser. *See* Compl., ¶¶ 13-14.  His duties included "set[ting] up tables, help[ing] the hibachi chefs, assist[ing] customers and help[ing] servers and kitchen staff."  Ruiz Decl., ¶ 6. Ruiz usually worked Mondays, Tuesdays, Thursdays and Sundays from 11:00 a.m. to

9:00 p.m., and Fridays and Saturdays from 11:00 a.m. to 10:00 p.m.  *Id.*, ¶ 10.  Like Gonzalez, until September 2022, he did not clock in or out.  *Id.*, ¶ 21.  Ruiz was paid in cash biweekly, at a rate that increased regularly between $1,153 and $1,615.  *Id.*, ¶¶ 13-17.  Ruiz was never paid overtime, and Defendants provided him with neither a wage notice written in English and Spanish, his native language, nor any wage statements.  Compl., ¶¶ 75-78.

## B. FLSA Collective Plaintiffs' Allegations

The Named Plaintiffs seek to certify a collective of "current and former 'Kitchen Workers' and 'Service Workers,'" defined as "those non-exempt employees who worked in the back of the house and front of the house for Defendants for six years prior to the commencement of this action."  Compl., ¶ 32; Pls. Mem. at 4-5.  In their Proposed Notice, the Named Plaintiffs replace the term "Service Workers" with "bussers."  *See* Aronauer Decl., Ex. A.  According to the Named Plaintiffs, these putative class members "have been victims of Defendants' common policy and practices that have violated . . . the FLSA by, among other things, willfully denying them wages."  Compl., ¶ 32.  Specifically, the Complaint alleges that "Defendants willfully failed to pay Plaintiffs and the FLSA Collective the appropriate overtime premiums for all hours worked in excess of forty hours per work week."  *Id.,* ¶ 96; *see* Gonzalez Decl., ¶ 41; Ruiz Decl., ¶¶ 23-25.  Gonzalez also points to three other employees—a cook and two dishwashers—whom he alleges "worked in the kitchen and worked a similar schedule" to him in terms of "both days and hours."  *See*

6

Gonzalez Decl., ¶¶ 39-41.  Ruiz identifies by name two bussers he worked with who had "similar schedules" to him and "did not receive extra pay for working overtime." *See* Ruiz Decl., ¶¶ 22-24.

The Named Plaintiffs allege that at all relevant points, Defendants' overtime premium violations were willful.  Complaint at ¶¶ 96-97.

### C. Procedural History

By way of Complaint dated November 30, 2023, the Named Plaintiffs commenced this action against Defendants SBKU and Robert and Tony Lam, alleging:  (1) violations of the FLSA, 29 U.S.C. § 201 *et seq*. concerning overtime pay; and (2) sections 191(1)(a), 195(1), 195(3), 650 *et seq*., and 663 *et seq*. of the New York Labor Law ("NYLL") concerning wage payment, notice, minimum wage, overtime pay, and spread of hours requirements, on behalf of themselves and all others similarly situated.  *See* Complaint ("Compl."), DE [1].  Defendants deny the Named Plaintiffs' material allegations.  *See generally* Answer, DE [9].

In the instant motion, the Named Plaintiffs seek conditional certification of their FLSA collective and NYLL class claims for a collective class of "Kitchen Workers and Service Workers - being those non-exempt[2] employees who worked in the back of the house and front of the house for Defendants for six years prior to the commencement of this action"—November 30, 2017.  *See* Plaintiffs' Memorandum of

---

[2] No party disputes Named Plaintiffs' or opt-in plaintiffs' status as non-exempt employees.

Law in Support of Plaintiffs' Motion ("Pls. Mem."), DE [13], at 4-5; Declaration of Jacob Aronauer in Support of Plaintiffs' Motion, ("Aronauer Decl."), DE [14], Ex. A. Notably, the Named Plaintiffs do not seek class certification pursuant to Fed. R. Civ. P. 23. *See generally* Pls. Mem.

The Named Plaintiffs also seek: (i) Court-facilitated notice of this action to all covered employees; (ii) approval of the Proposed Notice and Opt-In Form; (iii) an order directing Defendants to provide the Named Plaintiffs with the names, last known mailing addresses, alternate addresses, telephone numbers, Social Security numbers and dates of employment of all covered employees; and (iv) posting of the Proposed Notice and Opt-In Form at the Defendants' current restaurant. *See* Pls. Mot. On October 1, 2024, Judge Reyes referred Plaintiffs' Motion to the undersigned for decision. *See* Elec. Order dated Oct. 1, 2024.

For the reasons set forth herein, the Court grants Plaintiffs' Motion in part and denies it in part, as follows: (1) this matter is conditionally certified as an FLSA collective action for a class defined as all individuals who were employed by Defendants as non-tipped, non-exempt, overtime-eligible kitchen workers and/or bussers at any point between March 26, 2021 and March 26, 2024 and who file a consent form to join this action for unpaid overtime compensation and liquidated damages; (2) a three-year statute of limitations applies to the FLSA claims; (3) the Named Plaintiffs shall revise their Proposed Notice and Opt-In Form consistent with this Memorandum and Order; (4) the Named Plaintiffs are permitted to send the

notice to potential FLSA collective members via first-class mail, email, and text message, as well as to post it at Hirosaki Sushi and Hibachi ("Hirosaki"); and (5) Defendants are directed to provide the Named Plaintiffs with a computer-readable list of all non-tipped kitchen workers and bussers who were employed at Kumo at any point in the three years prior to the filing of Plaintiffs' Motion along with the following information:  name, last known mailing addresses, alternate addresses (if any), email addresses, cell phone numbers, and dates of employment at Kumo.

## II.    LEGAL STANDARDS

### A. <u>Conditional Certification Pursuant to Section 216(b) of the FLSA</u>

The FLSA permits employees to maintain a collective action "for and [o]n behalf of . . . themselves and other employees similarly situated."  29 U.S.C. § 216(b).  Courts in the Second Circuit apply a two-step analysis to determine whether a collective action under Section 216(b) of the FLSA should be certified.  *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010).  First, the Court evaluates whether the proposed class members are "similarly situated" to the Named Plaintiff.  *See Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 480 (E.D.N.Y. 2001).  If the Court finds that the putative class is sufficiently similarly situated, the action will be conditionally certified, and each class member may then consent in writing to "opt-in" to the litigation.  *Id.* (citing 29 U.S.C. § 216(b)).  In determining whether the putative class is similarly situated, the critical inquiry is "not whether [Named P]laintiff's [*sic*] job duties are identical to other potential opt-in plaintiffs, but rather, whether the

proposed plaintiffs are similarly situated under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated." *Knox v. John Varvatos Enters. Inc.*, 282 F. Supp. 3d 644, 656 (S.D.N.Y. 2017) (internal quotation marks and citation omitted).   The second step generally occurs following completion of discovery and requires examination of the evidentiary record to ascertain whether the opt-in and Named Plaintiffs are, in fact, similarly situated.   *See Bifulco v. Mortg. Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009).   The present motion concerns only the first step of the certification process – whether the proposed class members are similarly situated such that conditional certification is appropriate.

At the conditional certification stage, "the evidentiary standard is lenient." *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 58 (E.D.N.Y. 2011); *see Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("The burden for demonstrating that potential plaintiffs are similarly situated is very low at the notice stage") (internal quotation and citation omitted).   A Named Plaintiff seeking conditional certification "need only make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Doucoure v. Matlyn Food, Inc.*, 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008) (internal quotation and citation omitted).   "This low burden is consistent with the broad remedial purpose of the FLSA." *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 661 (S.D.N.Y. 2013) (internal quotation and citation omitted).

A movant seeking conditional certification is not required to establish an actual FLSA violation, "but rather that a 'factual nexus' exists between the [Named Plaintiffs'] situation and the situation of other potential plaintiffs." *Sobczak v. AWL Indus., Inc.*, 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) (citation omitted); *Sexton v. Franklin First Fin., Ltd.*, No. 08-CV-4950 (JFB)(ARL), 2009 WL 1706535, at *3 (E.D.N.Y. June 16, 2009) ("'[N]othing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan' is required.") (quoting *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005)). "It is not necessary for the purposes of conditional certification that the prospective class members all performed the same duties, or worked during the same time periods, or worked at the same locations as the named plaintiffs." *Ruiz v. Truffa Pizzeria & Wine Room Corp.*, No. 20-CV-8645 (LJL), 2021 WL 568249, at *5 (S.D.N.Y. Feb. 15, 2021) (citing *Cano v. Four M Food Corp.*, No. 08-CV-3005 (JFB)(AKT), 2009 WL 5710143, at *7 (E.D.N.Y. Feb. 3, 2009)). "Accordingly, in deciding whether to grant the Plaintiffs' motion, the Court must merely find some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims of a particular practice." *Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, No. 18-CV-5448 (ER), 2019 WL 6002371, at *2 (S.D.N.Y. Nov. 14, 2019) (citation omitted).

Moreover, at this stage, "the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations." *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 385 (E.D.N.Y. 2010) (quoting *Francis*

11

*v. A & E Stores, Inc.*, No. 06-cv-1638 (CLB) (GAY), 2008 WL 2588851, at *2 (S.D.N.Y. June 26, 2008), *report and recommendation adopted as modified*, 2008 WL 4619858 (S.D.N.Y. Oct. 16, 2008)); *see Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008) ("The standard in this circuit is clear; the merits of plaintiffs' claim are not at issue in a motion for conditional certification"). The determination is typically based on the pleadings and declarations submitted in support of the motion. *See Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 452 (E.D.N.Y. 2014) ("[C]ourts in the Second Circuit routinely grant conditional certification for overtime claims based on the statements of the named plaintiff(s) and other supporting affidavits"); *Garcia Ramos v. DNC Food Serv. Corp.*, No. 19-CV-2967 (VSB), 2020 WL 2832776, at *2 (S.D.N.Y. June 1, 2020) ("Plaintiffs may satisfy [the] requirement[s of conditional certification] by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members.") (citation omitted).

### B. <u>Conditional Certification Under the New York Labor Law</u>

The NYLL does not "contain a provision for collective action." *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 162 (S.D.N.Y. 2014). A plaintiff seeking to certify a class based on NYLL violations must do so pursuant to Fed. R. Civ. P. 23, which the Named Plaintiffs have not invoked, and which the Court will not consider. *See Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 123 (S.D.N.Y. 2011).

## III.    DISCUSSION

Applying the standards set forth above, and for the reasons set forth below, the Court grants the Named Plaintiffs' motion for conditional certification under the FLSA and the NYLL in part and denies it in part.

### A.    <u>The Named Plaintiffs' Motion for Conditional Certification of an FLSA Collective Action</u>

Initially, the Named Plaintiffs move to conditionally certify the following class as an FLSA collective action: all "Kitchen Workers and Service Workers - being those non-exempt employees who worked in the back of the house and front of the house for Defendants for six years prior to the commencement of this action," or November 30, 2017.  *See* Pls. Mem. at 4-5; Aronauer Decl., Ex. A.  In their proposed notice, the Named Plaintiffs replace the term "Service Workers" with "bussers."  *See* Aronauer Decl., Ex. A; Ex. B.  Further, in the reply papers, the Named Plaintiffs clarify that they do not seek to represent tipped employees.[3]  *See* Plaintiffs' Reply ("Pls. Reply"), DE [18], at 1.  In this case, the Named Plaintiffs have made a sufficient factual showing that they and the potential FLSA collective action members – other non-tipped kitchen workers and bussers at Kumo who were purportedly denied overtime pay by Defendants – were together victims of a common compensation policy that violated the FLSA.

---

[3] As explained above, the Named Plaintiffs' declarations include descriptions of their rate of pay and make no reference to tipped income.  *See* Gonzalez Decl., ¶¶ 16-31; Ruiz Decl., ¶¶ 13-17.

13

The Named Plaintiffs allege that they and similarly situated Kumo employees regularly worked at least 40 hours per week. According to the Complaint, Gonzalez worked between eleven and twelve hours a day, six days a week, from October 2014 to March 2020, and between ten and eleven hours per day, six days a week, from March 2020 to September 2023. *See* Compl., ¶¶ 37-39. Similarly, from October 2020 to April 10, 2023, Ruiz worked six days a week for ten hours per day. *Id.*, ¶¶ 66-67. Gonzalez also points to three other employees—a cook and two dishwashers—whom he states "worked in the kitchen and worked a similar schedule" to him in terms of "both days and hours." *See* Gonzalez Decl., ¶¶ 39-41. Ruiz identifies by name two bussers he worked with who had "similar schedules" to him. *See* Ruiz Decl., ¶¶ 22-24. Moreover, the Complaint alleges, and the Named Plaintiffs' declarations support, that "Defendants willfully failed to pay Plaintiffs and the FLSA Collective the appropriate overtime premiums for all hours worked in excess of forty hours per work week." *Id.,* ¶ 96; *see* Gonzalez Decl., ¶ 41 (putative collective members "did not receive extra pay for working overtime"); Ruiz Decl., ¶¶ 23-25 (same). The Named Plaintiffs have therefore satisfied the lenient standard applicable at this stage by submitting evidence of an "identifiable factual nexus which binds the named plaintiffs and potential class members together as victims of a particular practice" sufficient to warrant conditional certification. *Ting Qiu Qiu*, 2019 WL 6002371, at *2; *see Garcia Ramos*, 2020 WL 2832776, at *2 ("Plaintiffs may satisfy this requirement by relying

14

on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members.").

Defendants counter that "Plaintiffs are not representative of the vast majority of Defendants' employees who work as waiters, waitresses, bartenders, etc.," who Defendants contend are tipped employees. *See* Defs. Opp. at 2. It is apparent to the Court, however, that the Named Plaintiffs use the term "Service Workers" to refer only to former Kumo bussers, like Ruiz, and not to tipped employees, such as waiters, waitresses and bartenders. *See* Pls. Reply at 1, 6; Aronauer Decl., Ex. A. Accordingly, notwithstanding Defendants' opposition, the Court conditionally certifies the proposed FLSA collective action.

As explained above, however, the NYLL does not "contain a provision for collective action." *Jackson*, 298 F.R.D. at 162. If the Named Plaintiffs seek to certify a class based on NYLL violations, they must do so pursuant to Fed. R. Civ. P. 23. *See Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 123 (S.D.N.Y. 2011). Accordingly, to the extent the Named Plaintiffs seek to conditionally certify this collective under the NYLL, the motion is denied.

## B. Notice Period

After granting certification, the Court must determine the applicable notice period for the Named Plaintiffs' proposed FLSA collective action. In this regard, the Court concludes that the FLSA's three-year statute of limitations applies.

1. <u>Applicable Notice Periods</u>

The Named Plaintiffs seek permission to include as potential FLSA collective members all non-tipped kitchen workers and bussers who were employed at Kumo during the six years prior to the filing of this lawsuit. *See* Pls. Mem. at 4-5; Aronauer Decl., Ex. A. The Named Plaintiffs, however, do not explain why the six-year notice period they seek is appropriate. To the extent they rely on the six-year statute of limitations in the NYLL, *see* NYLL § 663(3), as explained above, a collective action is not the appropriate vehicle for NYLL claims. *See McPherson v. Look Ent. Ltd.*, No. 23-CV-04273 (JMA)(JMW), 2024 WL 4265844, at *7 (E.D.N.Y. Sept. 23, 2024) ("'[T]he growing trend in this Circuit is to use a three-year rather than a six-year notice period when the motion before the court seeks certification under the FLSA rather than under Federal Rule[ ] of Civil Procedure Rule 23 in connection with NYLL claims.'") (citing *Franze v. Bimbo Foods Bakeries Distrib., LLC*, No. 17-CV-3556 (NSR)(JCM), 2019 WL 1417125, at *4 (S.D.N.Y. Mar. 29, 2019) and collecting cases).

The FLSA has a two-year statute of limitations except in the case of willful violations, for which the statute of limitations is three years. *See* 29 U.S.C. § 255(a). "At the conditional certification stage, allegations of willful conduct are sufficient to apply the three-year statute of limitations for purposes of certifying the class." *Wilson v. Jamaica Serv. Program for Older Adults, Inc.*, No. 21-CV-1263 (BMC), 2021 WL 4750098, at *4 (E.D.N.Y. Oct. 12, 2021) (citation omitted); *see Alvarez v. IBM Restaurants, Inc.*, 839 F. Supp. 2d 580, 587-88 (E.D.N.Y. 2012) ("The [Named]

16

Plaintiffs have alleged willfulness in their Complaint . . . and the Defendants deny these allegations. Courts in this circuit have generally held that where willfulness is in dispute, a three-year statute of limitations applies at the conditional certification stage."); *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 268, n.2 (E.D.N.Y. 2005) (finding allegation of willful violation justified notice based on a three-year statute of limitations period).

Here, the Complaint alleges that Defendants willfully violated the FLSA. *See, e.g.*, Compl. ¶¶ 32, 33, 96. Accordingly, the Named Plaintiffs have sufficiently alleged willful conduct, such that the FLSA collective notice period shall run for three years, *see* 29 U.S.C. § 255(a), from March 26, 2021 and March 26, 2024, the date that the Named Plaintiffs filed Plaintiffs' Motion. *See* Pls. Mot., *Finnigan v. Metro. Transportation Auth.*, No. 19-CV-00516 (PKC) (RER), 2020 WL 1493597, at *4 (E.D.N.Y. Mar. 26, 2020) (imposing a three-year notice period in an FLSA action, ending on the date plaintiffs moved for conditional certification); *Kemper v. Westbury Operating Corp.*, No. 12-CV-0895 (ADS) (ETB), 2012 WL 4976122, at *3 (E.D.N.Y. Oct. 17, 2012) (same).

### C. The Named Plaintiffs' Motions with Respect to the Proposed Notice

The Named Plaintiffs also move for: (i) Court-facilitated notice of this action to all covered employees, including an opt-in form; (ii) approval of the Proposed Notice and Opt-In Form; (iii) an order directing Defendants to provide the Named Plaintiffs with the names, last known mailing addresses, alternate addresses, telephone

numbers, Social Security numbers and dates of employment of all covered employees; and (iv) posting of the Proposed Notice and Opt-In Form, *see* Aronauer Decl., Exs. A and B, at the Defendants' current restaurant, Hirosaki. *See* Pls. Mot; Pls. Mem. at 11-13.

       1.  <u>Form of the Notice</u>

With respect to the Proposed Notice's content, the Named Plaintiffs contend that it is "timely, accurate and informative" and "may help alleviate the understandable fear current employees have of losing their jobs[.]" *Id*. at 11. "Neither the FLSA statute, nor the courts, specifically outline what form court-authorized notice should take, nor what provisions the notice should contain." *Hong v. Haiku @ WP Inc*., 582 F. Supp. 3d 117, 132 (S.D.N.Y. 2022) (citation omitted). Indeed, it is well-settled that "[t]he form of a court-authorized notice and provisions contained in it are left to the broad discretion of the trial court." *Sobczak*, 540 F. Supp. at 364; *Hernandez v. Immortal Rise, Inc.*, No. 11-CV-4360 (RRM) (LB), 2012 WL 4369746, at *6 (E.D.N.Y. Sept. 24, 2012) (internal citation omitted).

Consistent with this discretion, the Court concludes that the Proposed Notice adequately explains the criteria to join the FLSA collective action, and directs that it be disseminated to all individuals who were employed by Defendants at Kumo as non-tipped, non-exempt, overtime-eligible kitchen workers and/or bussers at any point between March 26, 2021 and March 26, 2024. *See Carollo v. United Cap. Corp*., 528 F. Supp. 3d 37, 64 (N.D.N.Y. 2021). Moreover, the Court directs that the Proposed

Notice and Opt-In Form be revised to reflect the rulings in this Memorandum and Order with respect to the notice period and the exclusion of the Named Plaintiffs' NYLL claims. In addition, the Proposed Notice should explain that this case – and any party's participation in it – is a matter of public record.

### 2. Distribution of the Notice

With respect to the manner of distribution, the Named Plaintiffs seek permission to send the Proposed Notice and Opt-In Form via mail and email, as well as to post it at Hirosaki. *See* Pls. Mem. at 12-13. The Named Plaintiffs also imply that they seek leave to send notice to potential collective members using their telephone numbers, but do not explain for what form of telephonic notice they seek the Court's approval. *See id.* at 13. The Court construes the Named Plaintiffs' request as a request to contact potential collective members by text message. Defendants do not address these forms or their distribution in their opposition.

The Court orders that the Named Plaintiffs be permitted to send the notice and opt-in form to potential opt-in members via first-class mail, email, and text message and post it at the restaurant. *See Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 521 (E.D.N.Y. 2011) ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail") (internal quotations and citations omitted); *Sanchez v. Salse Con Fuego, Inc.*, No. 16-CV-473 (RJS) (BCM), 2016 WL 4533574, at *7 (S.D.N.Y. Aug. 24, 2016) ("[F]irst class mail and email may both serve as efficient

means of ensuring that potential opt-in plaintiffs receive timely notice, and are therefore approved"); *Jackson*, 298 F.R.D. at 170 (granting "authorization to issue a proposed notice to potential class members by mail and e-mail" and "authorization to re-mail notices that are returned as undeliverable"); *Aleman-Valdivia v. Top Dog Plumbing & Heating Corp.*, No. 20-CV-421 (LDH) (MMH), 2021 WL 4502479, at *11 (E.D.N.Y. Sept. 30, 2021) (describing text message notice as a "traditional" method of notice of an FLSA collective action and permitting its use) (citation omitted).

Moreover, because the Named Plaintiffs have produced evidence *via* Gonzalez's declaration that some potential collective members are currently working at Hirosaki, which is owned by Defendants, *see* Gonzalez Decl., ¶ 40, the Court concludes that posting the Proposed Notice and Opt-In Form at the restaurant is appropriate. *See Chhab v. Darden Restaurants, Inc.*, No. 11-CV-8345 (NRB), 2013 WL 5308004, at *16 (S.D.N.Y. Sept. 20, 2013) ("notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in."); *Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, No. 12-CV-265 (PAE), 2012 WL 1981507, at *2 (S.D.N.Y. June 1, 2012) ("[P]osting at the place of employment of potential opt-in plaintiffs is regularly approved by Courts.").

    3.  <u>Production of Contact Information</u>

Consistent with the relief discussed above, the Named Plaintiffs seek an order directing Defendants to provide Plaintiffs' counsel with:

> a computer-readable list of all [non-tipped] Kitchen Workers and Service Workers who were employed at Kumo Japanese Steakhouse owned by Defendants at any point in the six years prior to the filing of this lawsuit along with the following information: name, last known mailing address[es], alternate address[es] (if any), all known telephone numbers, email address[es], cell phone number[s] and dates of employment at Kumo Japanese Steakhouse.

*See* Pls. Mem. at 12-13. In their Motion, the Named Plaintiffs also request the production of potential collective members' Social Security numbers, *see* Pls. Mot., but they do not address this request in their Memorandum. *See* Pls. Mem.

It is typically appropriate for courts in wage and hour actions to order the discovery of contact information of potential opt-in plaintiffs. *See, e.g., Douglas v. Anthem Productions, LLC*, No. 18-CV-5789 (VEC), 2019 WL 78988, at *5 (S.D.N.Y. Jan. 2, 2019) (ordering "Defendants [to] produce contact information for all potential members of the collective"); *Fa Ting Wang v. Empire State Auto Corp.*, No. 14-CV-1491 (WFK)(VMS), 2015 WL 4603117, at *14 (E.D.N.Y. July 29, 2015) ("Disclosure of the names, addresses, telephone numbers, and email addresses of putative class members is commonplace in this district"); *Jackson*, 298 F.R.D. at 170 (citing *Lynch*, 491 F. Supp. 2d at 371-72) (ordering defendant to produce class members' contact information, and noting that such a request "is common in wage and hour actions to facilitate the notice process."). As to Social Security numbers, however, "[c]ourts are reluctant to authorize disclosure of private information, such as social security numbers, in the first instance and without a showing that the information is necessary for the plaintiff to notify potential opt-ins of the collective action." *Cooke*

21

*v. Frank Brunckhorst Co., LLC*, 722 F. Supp. 3d 127, 145 (E.D.N.Y. 2024), *on reconsideration in part*, No. 23-CV-6333, 2024 WL 2263087 (E.D.N.Y. May 18, 2024). Here, because the Named Plaintiffs do not address their request for potential collective members' Social Security numbers at all in their argument, the Court denies that portion of their request.

In light of the above caselaw, the Court grants the Named Plaintiffs' request in part, as the information they seek will not be unduly burdensome or disruptive to Defendants' business operations. *See Sexton*, 2009 WL 1706535, at *13. Consistent with the Court's rulings above, however, Defendants need only produce the names, addresses, alternate addresses (if any), email addresses and cell phone numbers of kitchen workers and bussers who worked at Kumo between March 26, 2021 and March 26, 2024. Accordingly, the Court directs Defendants to provide the Named Plaintiffs with the above requested computer-readable data file no later than 14 days after the entry of this Memorandum and Order.

## IV.    CONCLUSION

For the reasons set forth herein, the Court grants Plaintiffs' Motion in part and denies it in part, as follows:  (1) this matter is conditionally certified as an FLSA collective action for a class defined as all individuals who were employed by Defendants as non-tipped, non-exempt, overtime-eligible kitchen workers and/or bussers at any point between March 26, 2021 and March 26, 2024, and who file a consent form to join this action for unpaid overtime compensation and liquidated

damages; (2) a three-year statute of limitations applies to the FLSA claims; (3) the Named Plaintiffs shall revise their Proposed Notice and Opt-In Form consistent with this Memorandum and Order; (4) the Named Plaintiffs shall be permitted to send the notice to potential FLSA collective members via first-class mail, email, and text message, as well as to post it at Hirosaki; and (5) Defendants are directed to provide the Named Plaintiffs with a computer-readable list of all non-tipped kitchen workers and bussers who were employed at Kumo at any point in the three years prior to the filing of Plaintiffs' Motion along with the following information:  name, last known mailing addresses, alternate addresses (if any), email addresses, cell phone numbers, and dates of employment at Kumo.

**SO ORDERED.**

Dated:                Central Islip, New York
January 22, 2025

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge

23